It is so ordered.

THE RED BANK.

THE RUSSELL NO. 3.

THE ORANGE.

No. 17316.

District Court, E. D. New York.

July 9, 1946.

Macklin, Brown, Lenahan & Speer, of New York City, Proctors for Libellant, by Leo F. Hanan, of New York City, Advocate.

Alexander & Ash, of New York City, Proctors for Respondent, Russell #3, by Edward Ash, of New York City, Advocate.

John E. Morrissey, of New York City, Proctor for Respondent D. L. & W. R. R. Co., Tug Orange.

INCH, District Judge.

Libellant, McLain Line, Inc., owns the barge Red Bank. This barge was damaged in the early morning of December 17, 1944, off Pier 5, of the D. L. & W. R. R. yards, in the Hudson River, at Jersey City, New Jersey.

Libellant sues the tug Russell No. 3, that had the Red Bank in tow, and the tug Orange of the D. L. & W. R. R. Co., which had in tow the barge which collided with the Red Bank. At the time of the collision it was a clear night, the wind was from the west, blowing about 25 miles an hour, the tide was ebb, running strong, which the Russell No. 3 and and her tow was "bucking."

There is no question but that the libellant is entitled to recover such damage as was caused. The sole issue is between the two tugs as to which is liable or whether both were careless. The facts are not difficult to find and, in my opinion, the collision was caused by the combined negligence of both tugs and each should pay half the damage.

In substance, the pilot of the Russell No. 3 when he was below Pier 6, and about 400 feet off the pier, saw the tug Orange and her tow, by means of her lights and by reasonable attention to her slip whistle, coming out of the slip between Piers 4 and 5. He could have avoided the collision by going out only a little further in the stream when he saw that the Orange was emerging or by blowing a danger signal and stopping headway. No passing signals were exchanged between the tugs. The danger signal blown by the Russell No. 3 just before the accident was too late. Instead of being reasonably careful the Russell No. 3 kept on towards the Orange.

The collision occurred, as one witness testified, because of only a matter of a mere 6 feet possible clearance between the two barges. Apparently the Russell on this clear night with full knowledge of the effect of the tide and wind was aiming to drop the Red Bank off at Pier 5. When he was approximately off Pier 7, he had seen the Orange at Pier 5 coming out. He was then off the pier ends about 300 feet with the Red Bank the port hawser boat and two Seaboard scows, tandem fashion, on the starboard side. The hawser tow was about 50 feet.

As to the Orange, the pilot of that tug saw the Russell coming up as soon as his pilot house had cleared the building at the end of Pier 5. His tow was then in a lopsided condition and he intended to "jack knife" his tow when he got a little out in the stream and he knew that the ebb tide would take him down towards the Russell. This pilot also disregarded the effect of the wind and the tide and he could have waited only a little longer in the exercise of reasonable care at Pier 5, for he was then well aware of the presence of the oncoming Russell No. 3. However, when he came out it was then too late to straighten up his tow and try to pass the Russell No. 3 and her tow port to port passing down the stream between the pier ends and the Russell No. 3 and her tow.

I think the situation has been aptly described by the counsel for the tug Russell No. 3 in quoting from the case of Bull S.S. Co. v. United States, 2 Cir., 34 F.2d 614–616 (opinion of Judge Learned Hand), only I think that caution applies to both the Russell No. 3 and the tug Orange and that this is a half damage situation.

Decree for libellant in accordance with the above.

Submit findings of fact and conclusions of law.